IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLIE DARNELL BROWN,       )
                             )
            Plaintiff,       )
                             )
v.                           )    Case No. CIV-15-11-D
                             )
OKC VIO OFF REG OFFICE, et *al.,*  )
                             )
            Defendants.      )

# **O R D E R**

Before the Court are separate motions filed by three named defendants seeking to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed an untimely response to the motions without leave of Court. Even were the Court to consider this filing, however, it would be ineffectual to prevent the dismissal of this action. For reasons that follow, the motions plainly have merit.

Plaintiff, who appears *pro se*, filed suit in state court for damages allegedly caused by a false charge that he had failed to register as a violent offender as required by the Mary Rippy Violent Crime Offenders Registration Act, Okla. Stat. tit. 57, §§ 591-599.1. Plaintiff accuses an Oklahoma police officer, Defendant Paul Martin, of making a false and malicious affidavit that caused him to be taken into custody and charged with a criminal offense of failure to comply with the Act. Plaintiff alleges that all defendants violated his Fourteenth Amendment right to due process by not fully investigating the false affidavit and detaining Plaintiff on a false charge. Defendant Lisa Sunday timely removed the case to federal court based on subject matter jurisdiction under 28 U.S.C. § 1331 for a civil rights action under 42 U.S.C. § 1983.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's pleading does not meet this standard.[1]

As shown by the caption, Plaintiff is attempting to sue the "OKC Vio Off Reg Office." Counsel for the City of Oklahoma City has filed a motion to dismiss on behalf of this defendant because it is not a legal entity capable of being sued; it is a part of the Oklahoma City Police Department. Even a police department lacks the capacity to be sued. *See Lindsey v. Thompson*, 275 F. App'x 744, 747 (10th Cir. 2007). Therefore, this named defendant should be dismissed.

Defendant Lisa Sunday, an employee of the Oklahoma Department of Corrections, allegedly failed to send Plaintiff "information regarding his rights and instruction pertaining to the Violent Offender Registry." *See* Petition [Doc. No. 1-2], ¶ 13. In her motion, Defendant Sunday identifies her position as the Sex/Violent Offender Registration Coordinator. However, by law, the responsibility for informing offenders prior to release of the duty to register falls on the correctional institution that releases them. *See* Okla. Stat. tit. 57, § 597. The petition alleges no factual basis for Plaintiff's claim that Defendant Sunday had a duty to inform him regarding the Act that she failed

---

[1] Following removal to federal court, the case is now governed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(c)(1).

to perform. The petition also alleges no involvement of Defendant Sunday in his prosecution. Therefore, Plaintiff states no claim against her.

Defendant Paul Martin moves to dismiss on the ground that any claim Plaintiff might have against him is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's criminal conviction for failing to comply with the Act has not been overturned or invalidated. Although Plaintiff alleges in the petition that he filed a motion to withdraw his plea of guilty to the charged offense, Defendant Martin provides a copy of a document filed in the criminal case showing that Plaintiff subsequently withdrew the motion and the guilty plea was not withdrawn.[2] Because Plaintiff is attempting to assert a claim against Defendant Martin that, if successful, would undermine a criminal conviction, Plaintiff currently has no cause of action. The dismissal of this action under *Heck* must be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1066 (10th Cir. 1996).

Plaintiff indicates in his response brief that he also may have intended to bring suit under Oklahoma's Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151-72, and he makes new allegations of negligence by Defendant Martin. However, Plaintiff does not allege or attempt to show that he has complied with the notice provisions of the GTCA. "The notice required by the GTCA is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages." *Hall v. GEO Group, Inc.*, 324 P.3d 399, 400-01 (Okla. 2014) (footnote omitted). Thus, the petition fails to allege a jurisdictional basis for a GTCA claim against any governmental entity.

---

[2] The Court can properly consider this document. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) ("matters of which a court may take judicial notice" should be considered in deciding a Rule 12(b)(6) motion).

The petition also names the State of Oklahoma as a defendant. The basis for a suit against the State of Oklahoma is unclear from the petition, perhaps based on alleged wrongdoing of an employee of the Oklahoma Department of Corrections acting in an official capacity. In his response brief, Plaintiff indicates that he believes the "State of Oklahoma should be held liable for setting a bond ridiculously high," referring to a bond set by the Oklahoma County district judge assigned to his case. *See* Pl.'s Resp. [Doc. No. 13], p.1. A judge has absolute immunity for his judicial actions. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). And any claim against the State would be barred by Eleventh Amendment immunity. Therefore, even if Plaintiff intended to sue the State of Oklahoma *ex rel.* the Oklahoma Department of Corrections, any claim against the State of Oklahoma is improper and should be dismissed.

IT IS THEREFORE ORDERED that the motions to dismiss [Doc. Nos. 4, 6, and 9] are GRANTED. This action is DISMISSED without prejudice to refiling. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 9th day of February, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE